UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREG BALLARD,<br><br>              Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>              Defendants. | CASE NO. C10-5668BHS<br><br>ORDER DENYING MOTION FOR REMAND AND RESERVING RULING ON DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Plaintiff's ("Ballard") motion for remand (Dkt. 15) and Defendant BAC Home Loans Servicing, L.P.'s ("BAC") motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Ballard's motion for remand and reserves ruling on BAC's motion to dismiss for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 16, 2010, Ballard filed his complaint against multiple defendants in Pierce County Superior Court (case no. 10-2-12111-6). Dkt. 2. On September 17, 2010, BAC removed the action pursuant to this Court's diversity jurisdiction. Dkt. 1.

On September 24, 2010, BAC moved for a Rule 12(b)(6) dismissal of all claims. Dkt. 6. Ballard did not file a response. On October 5, 2010, Ballard filed a motion to remand. Dkt. 15 (styled as a "Motion for Order to Show Cause"). On October 18, 2010,

ORDER - 1

BAC opposed the motion to remand. Dkt. 16. Ballard filed his reply on October 20, 2010. Dkt. 17.

## II. DISCUSSION

### A.   Ballard's Motion for Remand

It is well settled that federal district courts have original jurisdiction over claims between "citizens of different states" where the amount "in controversy exceeds the sum of $75,000." 28 U.S.C. § 1332(a); *see, e.g. Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Ballard's complaint is brought against diverse defendants and the amount in controversy exceeds $75,000. *See* Complaint; Dkt. 1. Therefore, this Court has original jurisdiction over this cause of action.

### B.   BAC's Motion to Dismiss

Rule 12 of the Federal Rules of Civil Procedure informs a plaintiff of what must be shown in order to defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law—that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support a case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what is stated in the complaint. Instead, where a complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. If Ballard does not adequately respond to BAC's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted.

ORDER - 2

Ballard has until December 8, 2010 to respond to BAC's motion to dismiss. While a response is not mandatory, Ballard's failure to respond to BAC's motion will likely result in dismissal of his claims. BAC may file a reply no later than December 15, 2010.[1]

### III. ORDER

Therefore, it is hereby **ORDERED** that Ballard's motion for remand (Dkt. 15) is **DENIED**, and the Court **RESERVES** ruling on BAC's motion to dismiss (Dkt. 6).

DATED this 16th day of November, 2010.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Because BAC's original reply (Dkt. 18) was based on Local Rule 7(b)(2), the Court will permit BAC to file an amended reply should Ballard file a response.