1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREG BALLARD,

                        Plaintiff,

            v.

BANK OF AMERICA, N.A., et
al.,

                        Defendants.

CASE NO. C10-5668BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS AND DENYING
PLAINTIFF'S MOTION
FOR DEFAULT

    This matter comes before the Court on the joint motion to dismiss under Rule

12(b)(6) (failure to state a claim) filed by Defendants Bank of America, N.A. ("BofA")

and ReconTrust Company, N.A. ("Recon") (Dkt. 24). Also before the Court is Plaintiff's

("Ballard") motion for default (Dkt. 30). The Court has considered the pleadings filed in

support of and in opposition to the motions and the remainder of the file and hereby

grants BofA and Recon's motion to dismiss, denies Ballard's motion for default, and

orders Ballard to show cause for the reasons stated herein.

**I. PROCEDURAL HISTORY**

    On August 16, 2010, Ballard filed his complaint against multiple Defendants in

Pierce County Superior Court (Case No. 10-2-12111-6). Dkt. 2. On September 17, 2010,

BAC Home Loan Servicing LP's ("BAC")  removed the action pursuant to this Court's

diversity jurisdiction. Dkt. 1.

    On January 12, 2011, the Court granted BAC's motion to dismiss. On January 20,

2011, BofA and Recon filed a joint motion to dismiss Ballard's claims against them under

Fed. R. Civ. P. 12(b)(6). Dkt. 24. Ballard missed the deadline for filing a timely response

in opposition. However, Ballard remained on notice as to what is required to defend against such a motion. *See* Dkt. 19 (describing the need for Ballard to file a response supported by, among other things, affidavits or declarations).

On February 11, 2011, the Court extended the time in which Ballard was permitted to respond to BofA and Recon's joint motion to dismiss. Dkt. 29. On February 23, 2011, Ballard timely responded. Dkt. 31. On February 25, 2011, BofA and Recon timely replied. Dkt. 32.

Additionally, on February 23, 2011, Ballard moved for default against BofA and Recon. Dkt. 30. No response or reply has been filed regarding this motion.

## II. FACTUAL BACKGROUND

This matter arises out of Ballard's challenge to the foreclosure of his property, located in Puyallup, Washington. *See* Complaint; *see also* Declaration of Kathleen Nelson ("Nelson Decl."), Ex. A (promissory note) and Ex. B (deed of trust). Ballard's house was foreclosed upon at a trustee's sale held on July 9, 2010. Complaint (Dkt. 2-3) ¶ 10.

Ballard asserts four causes of action: (1) Defendants have "endorsed, deposited, transferred, altered, destroyed, and/or mutilated" various documents; (2) BAC never responded to Ballard's "Notice of Tender of Payment"; (3) Defendants have committed fraud against various entities, Washington's citizens, Washington's government, and others; and (4) BofA "never lent any of their own assets in this initial commercial transaction as they fraudulently claimed." *See*, e.g., Complaint at 5-7.

## III. DISCUSSION

### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits challenge of a complaint for "failure to state a claim upon which relief can be granted." A court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th

Cir. 2008). A defendant bears the burden of proving plaintiff has failed to state a claim. *See, e.g., Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006); James Wm. Moore, 2 Moore's Federal Practice § 12.34[1][a] at 12-73 (2008 ed.).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

**B.      Judicial Notice**

The Court may take judicial notice of publicly recorded documents without converting the instant motion to one for summary judgment. *Shaw v. Hawn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). The Court may also consider documents attached to the complaint or those referred to in the complaint without converting the instant motion into one for summary judgment. *See, e.g., United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Therefore, the Court considers Ballard's note and deed of trust because Ballard attached the deed of trust to his complaint and referred to both documents in his complaint.

**C.      BofA and Recon's Motion to Dismiss**

**1.      Count One**

BofA and Recon move to dismiss Ballard's Count One because it is "vague and illusory" and fails to provide fair notice as to the claims asserted therein. Dkt. 24 at 4. Ballard did not respond in opposition to BofA and Recon's arguments on this issue.

The Court has reviewed the allegations contained in Ballard's Count One. The complaint does not state any particular claim for which relief can be granted, and it is wholly unclear as to what Ballard alleges in reality. The only possibility that the Court can ascertain is that Ballard complains that BofA and Recon do not possess the original documents (e.g., original mortgage and/or deed of trust).

However, as this Court and other courts have routinely held, such a "show me the note" argument lacks merit. *See, e.g., Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash., Mar. 24, 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)). To the extent Ballard is alleging something else, it is not cognizable and, therefore, dismissed for failure to state a claim upon which relief can be granted.

Additionally, the complaint fails to meet the fair notice pleading requirements as articulated in *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

### 2.    Count Two

Ballard's Count Two is not directed at either BofA or Recon. Therefore, it is dismissed as against them.

### 3.    Count Three

Because Ballard has not pleaded fraud with specificity, as required under Fed. R. Civ. P. 9(b), Count Three is dismissed as against BofA and Recon.

### 4.    Count Four

To begin with, Ballard's Count Four is dismissed as against Recon because it is not directed toward Recon.

BofA moves to dismiss Count Four as it is "so vague and illusory" that it does not provide fair notice as to the claims being made against BofA. Ballard did not respond in opposition to BofA's argument on this issue.

ORDER - 4

The Court has reviewed the allegations contained in Ballard's Count Four. The complaint does not state any particular claim for which relief can be granted, and it is wholly unclear as to what Ballard alleges in reality. The only possibility that the Court can ascertain is that Ballard complains that BofA committed fraud or conspiracy to commit fraud. However, Ballard has not adequately pleaded the elements of fraud, which requires specificity. *See* Fed. R. Civ. P. 9(b). Therefore, the Court dismisses this claim as against BofA.

**D.     Ballard's Motion for Default**

Ballard's motion for default is denied with prejudice, as BofA and Recon have appeared and defended in this action, which prohibits entry of default. *See* Fed. R. Civ. P. 55 (requiring party against whom relief is sought to have failed to plead or otherwise defend).

**E.     Motion to Amend**

Ballard references reserving his right to amend his complaint in this case (Dkt. 31 at 4), yet he has not moved the Court for leave to amend. *See* Fed. R. Civ. P. 15. The Court is unlikely to grant leave at this point because Ballard has not opposed the arguments made in favor of dismissal and the Court remains unconvinced that amendment would cure Ballard's complaint, which is plagued with deficiencies.

**F.     Show Cause**

Ballard is ordered to show cause why the Court should not dismiss his claims as to all remaining Defendants. The only remaining Defendants after the filing of this order are unknown people and entities. *See* Complaint (naming John and Jane Does I-V, Black & White Corporations VI-X, and ABC Partnerships XI-XV). Ballard shall respond to the show cause order on or before March 30, 2011. Failure to respond will likely result in dismissal of this action against all remaining parties and the case will thereafter be closed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. ORDER

Therefore, it is hereby **ORDERED** that

(1)    BofA and Recon's motion to dismiss (Dkt. 20) is **GRANTED** and Ballard's claims against them are **DISMISSED**;

(2)    Ballard is ordered to **SHOW CAUSE** as discussed herein.

DATED this 15th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6